# Exhibit "1"



A Ⓥ VENBROOK
Company

4/18/23

OneSource Claims Management, LLC
6320 Canoga Avenue, 7th Floor
Woodland Hills, CA 91367
877-497-4262
www.onesourcecms.com

9/20/2023

September 11, 2023

SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001

Lindley Towers Realty Co., LP.
1095 Rydal Road, Suite 325
Rydal, PA 19046

Re: Claim No.    :OSC-0003445
    Insured     :SBG Management Services, Inc. & Lindley Towers Realty Co., LP.
    Policy No.  :NCP-8000134-02
    Loss Date   :September 14, 2022

Dear Insured:

As you know, OneSource Claims Management is the authorized claims administrator for Trisura Specialty Insurance Company's ("Trisura" or the "Company") investigation and adjustment of the above referenced Claim arising out of damages alleged to have occurred on or about September 14, 2022 at 1220 Lindley Avenue, Philadelphia, Pennsylvania (the "Subject Property"). This communication has been authorized by Trisura.

Regretfully, we must advise that there is no coverage for the Insured's claim, and no payments will be made under Policy Number NCP-8000134-02 (the "Policy"), for the reasons set forth below.

On or about September 14, 2022, a section of the Subject Property's 7th Floor exterior brick façade partially collapsed. After receiving notice of the loss, the Company retained engineer Damon Moser, PE of Thornton Tomasetti to evaluate the cause and origin of the brick façade collapse.

After performing a site inspection, and reviewing documents obtained from the City of Philadelphia and the Insured, Mr. Moser found that "the proximate cause of the collapse was loss of support of the exterior wythe due to long-term deterioration of the relieving plate at the seventh floor window heads." He further advised that the relieving plate "contained holes and jagged edges in multiple locations where it had rusted through, indicating severe corrosion and section loss." As such, he opined that the partial façade collapse was attributed to "deterioration of the relieving plate at the seventh-floor window head, due to insufficient maintenance of the façade and roofing components over the life of the building."

Along with setting forth his opinion regarding the origin and cause of the partial collapse, Mr. Moser's report noted that employees of the Insured had been aware of a gap that had formed between the window frames and interior wall finishes "several

10113373.1

months" prior to the partial collapse. It was also noted that the "[b]uilding façade bulging at the area in question was noticed a few weeks prior to the partial collapse [and that] [b]uilding management installed a fence below the bulging area to restrict pedestrian access." Further, it was noted that "a few days before the partial collapse, Mr. Moor[] noticed that the bulging had increased significantly [and] building management had the cars parked in the vicinity moved, and extended the fenced-off area."

As part of its investigation into the Loss, Trisura requested documentation related to the Insured's knowledge of the building's decayed condition in the time period prior to the partial façade collapse. Correspondence obtained from the Insured confirmed that the specific decay that led to the partial collapse was visible well before the partial collapse actually occurred and that the Insured had actual knowledge of the specific decay that led to the partial collapse well before the partial collapse actually occurred.

The Causes of Loss – Special Form (Form CP 10 30 09 17) portion of the Trisura Policy provides, in pertinent part, as follows:

> **B. Exclusions**
>
> **2.** We will not pay for loss or damage caused by or resulting from any of the following:
>
> \*\*\*
>
> **d.(1)** Wear and tear;
> **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
>
> \*\*\*
>
> **(4)** Settling, cracking, shrinking or expansion;
>
> \*\*\*
>
> **k.** Collapse, including any of the following conditions of property or any part of the property:
> **(1)** An abrupt falling down or caving in;
> **(2)** Loss of structural integrity, including separation of parts of the property or property in danger of falling down or caving in; or
> **(3)** Any cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion as such condition relates to **(1)** or **(2)** above.
>
> But if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss.
>
> This exclusion, **k.**, does not apply:
> **(a)** To the extent that coverage is provided under the Additional Coverage, Collapse; or

    (b) To collapse caused by one or more of the following:
        (i) The "specified causes of loss";
        (ii) Breakage of building glass;
        (iii) Weight of rain that collects on a roof; or
        (iv) Weight of people or personal property

\*\*\*

**3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

\*\*\*

    **c.** Faulty, inadequate or defective:
    (1) Planning, zoning, development, surveying, siting;
    (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
    (3) Materials used in repair, construction, renovation or remodeling; or
    (4) Maintenance;

\*\*\*

**D. Additional Coverage – Collapse**

The coverage provided under this Additional Coverage, Collapse, applies only to an abrupt collapse as described and limited in **D.1.** through **D.7.**

**1.** For the purpose of this Additional Coverage, Collapse, abrupt collapse means an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose.

**2.** We will pay for direct physical loss or damage to Covered Property, caused by abrupt collapse of a building or any part of a building that is insured under this Coverage Form or that contains Covered Property insured under this Coverage Form, if such collapse is caused by one or more of the following:

    **a.** Building decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse;

\*\*\*

**3.** This **Additional Coverage – Collapse** does **not** apply to:

10113373.1

    **a.** A building or any part of a building that is in danger of falling down or caving in;
    **b.** A part of a building that is standing, even if it has separated from another part of the building; or
    **c.** A building that is standing or any part of a building that is standing, even if it shows evidence of cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion.

Further, the Ordinance or Law Coverage Endorsement of the Trisura Policy states, in pertinent part (Page 1-2, Form BP CP 26 11 21), as follows:

**ORDINANCE OR LAW COVERAGE**

**B. Application Of Coverage(s)**

                \*\*\*

4. Coverage under this endorsement applies only if:

    **a.** The building sustains only direct physical damage that is covered under this policy and as a result of such damage, you are required to comply with the ordinance or law; or

    **b.** The building sustains both direct physical damage that is covered under this policy and direct physical damage that is not covered under this policy, and as a result of the building damage in its entirety, you are required to comply with the ordinance or law.

However, there is no coverage under this endorsement if the building sustains direct physical damage that is not covered under this policy, and such damage is the subject of the ordinance or law, even if the building has also sustained covered direct physical damage.

5. If coverage applies under this endorsement based on the terms of Paragraph **B.4.b.**, we will not pay the full amount of loss otherwise payable under the terms of Coverages **A, B,** and/or **C** of this endorsement. Instead, we will pay a proportion of such loss, meaning the proportion that the covered direct physical damage bears to the total direct physical damage.

(Paragraph **F.** of this endorsement provides an example of this procedure.)

However, if the covered direct physical damage, alone, would have resulted in a requirement to comply with the ordinance or

law, then we will pay the full amount of loss otherwise payable under the terms of Coverages **A, B** and/or **C** of this endorsement.

The Policy issued to SBG Management does not cover loss or damage caused by or resulting from "wear and tear", "rust or other corrosion", "decay", "deterioration", "settling, cracking, shrinking or expansion" or "faulty, inadequate or defective...maintenance".

Additionally, the Policy does not provide coverage for any "collapse" or for any "abrupt" "collapse" unless that collapse was caused by "hidden decay" and/or "decay" that was "not known" to the Insured. The information obtained to date shows that the Insured's loss was caused by decay and deterioration that was fully visible and known to the Insured prior to the occurrence of the partial façade collapse.

Finally, please note that the Policy's Ordinance or Law provision would not provide coverage for the repair and/or replacement of any portion of the Subject Property because all subjects of the ordinance or law demands raised by the City of Philadelphia arise solely from physical damage that is not covered under the Policy.

Please note that, as the Insured's claim is excluded under the Policy, it is the Insured's responsibility to use all reasonable means to save and preserve the Subject Property from further damage at and after the time of loss.

If you believe this coverage determination has been reached in error, or if there is any additional information or documentation you believe the Insurers should consider as part of your claim, please provide the information or documentation as soon as practicable. Any presented information or documentation will be considered on a without prejudice basis.

Trisura Specialty Insurance Company retains sole authority to make coverage decisions. The only authorized communications about coverage shall be in writing from Trisura or from a person confirming in writing that Trisura has authorized the communication on its behalf. As mentioned above, Trisura Specialty Insurance Company has authorized the contents of this communication.

Trisura Specialty Insurance Company reserves all, and does not waive, any of its rights pursuant to the terms and conditions of the Policy or applicable law, whether or not mentioned herein. This letter, and any action taken by Trisura, is not intended to, and does not, waive any of the terms and conditions of the Policy. That other terms and conditions of the Policy were not raised in this letter should not be deemed a waiver of Trisura's right to do so in the future. All rights remain reserved.

We direct your attention to the two (2) year suit limitation provision in the "Commercial Property Conditions" Form (Form CP 00 90 07 88), which states:

**D. LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

    **1.** There has been full compliance with all of the terms of this Coverage Part; and

    **2.** The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

Should you have any questions or comments, please do not hesitate to contact the undersigned

**Christopher Prast**
Adjuster – Property Cliams
OneSource Claims Management Solutions, LLC
Venbrook Group, LLC
cprast@onesourcecms.com
818.449.9048

cc:

Richard M. Ochroch, Esq.
318 S. 16th St.
Philadelphia, PA 19102
Email: rochroch@ochroch-law.com

Young Adjustment
900 Lenmar Drive
Blue Bell, PA 19422

Email: SFiglin@youngadjustment.com

10113373.1